UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ROBERT D KEITH,

        Plaintiff,

        v.                                          Case No. 21-cv-0446-bhl

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT, et al.,

        Defendants.
_____

# ORDER
_____

      *Pro se* plaintiff Robert Keith filed a complaint against the Wisconsin Department of Workforce Development, the Bureau of Child Support, Wisconsin Department of Revenue, Wisconsin Department of Motor Vehicles, State of Wisconsin, Wisconsin District Attorney (collectively, "the Wisconsin Defendants"), and Milwaukee County alleging harms arising from child custody and support proceedings in Wisconsin state court. (ECF No. 1.) All Defendants have moved to dismiss Keith's claims, and Keith has asked the Court to order the parties to mediate. (ECF Nos. 6, 11, 17.) For the reasons stated below, the Court will grant the motions to dismiss and deny Keith's request for mediation.

      As an initial matter, the legal bases for Keith's claims are not entirely clear, but his complaint refers to various harms arising from Defendants' alleged gender discrimination against Keith in a state-court child custody dispute. He also complains about the outcome of the child custody proceedings and alleges fraud by the Defendants in connection with those proceedings. Based on these allegations, Keith asks the Court for a variety of remedies, including: (1) the removal of a lien on his vehicle; (2) the expungement of his criminal record; (3) various forms compensation for his pain and suffering, income withholding, interceptions of unemployment benefits, other charges; and (4) $10 million in additional damages. (ECF No. 1, at 5.)

      The Wisconsin Defendants have moved to dismiss, arguing that Keith has failed to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). (ECF No. 7.) They offer a

number of arguments for dismissal, contending that Keith's claims are barred in whole or in part by: (1) the 11th Amendment; (2) the applicable statute of limitations; (3) *Younger* abstention; and (4) the *Rooker-Feldman* doctrine. They also contend that claim and/or issue preclusion applies under Wisconsin law, and that the Wisconsin District Attorney[1] is not a suable entity, is subject to prosecutorial immunity, and that any individual prosecutor is subject to qualified immunity. Milwaukee County has moved to dismiss under Fed. R. Civ. P. 12(b)(1) based on the *Rooker-Feldman* doctrine. (ECF Nos. 11-12.)

Keith responded to the motions to dismiss with a copy of his complaint and a request that his right to access the courts be invoked. (ECF No. 15.) He also provides a number of materials related to his allegations, including his credit report, his vehicle's confirmation of ownership, his four state court convictions for felony failure to support, and extensive records of his weekly and monthly child support payments and balances. He does not, however, offer any legal argument or support for his claims. On May 28, 2021, Keith also filed a request for mediation. (ECF No. 17.)

Both sets of Defendants invoke the *Rooker-Feldman* doctrine, which bars federal district courts from hearing any challenge "by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). This Court lacks jurisdiction under *Rooker-Feldman* if "the injury alleged by the federal plaintiff resulted from the state court judgment itself." *Id.* at 555. As such, the Court must determine whether *Rooker-Feldman* applies before considering other arguments presented by the Defendants. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017).

The Court must therefore examine whether Keith's claims "directly challenge a state court judgment or are inextricably intertwined with one," *id.* (internal quotations omitted), or

---

[1] Keith named one of the defendants as "Wisconsin District Attorney." Presumably, he meant the Milwaukee County District Attorney's Office, as noted in the state defendants' brief. The matter is immaterial to the Court's decision.

instead if the Defendants violated "some independent right of his." *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995). Keith's legal claims are amorphous. He alleges:

> The Milwaukee County Courts through the State and Child Support agency have used the Department of Workforce Development, the Department of Revenue, the State of Wisconsin, and the Department of Motor Vehicle to criminally defraud the United States Government and willfully deprive this citizen of my Constitutional rights for the sole intent of unlawful financial gain. By unlawfully depriving me of my custodial rights by gender discrimination much damage has been endured mentally, physically and financially beginning in 1992 in Milwaukee, WI and continuing currently still in Milwaukee, WI. … The Defendants named in this case have conspired to commit fraud by and through establishment and enforcement of fraudulent child support orders four times for four children in four separate years that were created with complete disregard of evidence and fact.

(ECF No. 1, at 5.)

Keith's first and primary claim is that the state courts of Milwaukee County generally have instigated fraud, and thus it falls squarely within *Rooker-Feldman*'s ambit. His other complaints that his custodial rights were harmed, that he was discriminated against on the basis of gender, and that he has been subjected to fraudulent child support orders, are direct results of, and indistinct from, the state court's judgments regarding Keith's child support obligations. None of the harms Keith complains of is an independent right or "a prior injury that the state court failed to remedy." *Long*, 182 F.3d at 555 (quoting *Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 702 (7th Cir. 1998)). Instead, Keith's complaint attempts to bring "a federal claim alleging injury caused by [] state court judgment[s]." *Id.* The Court lacks jurisdiction to hear these claims under *Rooker-Feldman*.

Moreover, Keith's requests for relief are all directed towards undoing the state's actions taken to collect child support payments. Keith first requests that this Court "remove the lien on [his] vehicle which was incurred for lack of child support payments," because it "has caused much financial hardships." (ECF No. 1 at 5.) Keith also asks for an expungement of his "criminal record from this invalid child support charge." (*Id.*) Next, Keith entreats this Court to grant him a reimbursement of the $6,843.17 taken by "the Department of Workforce Development (DWD), Milwaukee County and the Bureau of Child Support, and finally the Department of Revenue … for income withholding, three interceptions of unemployment disbursements … and charges labeled other." (*Id.*) He concludes, "I'm asking to be reimbursed $103,984.98 x 4($415,939.92) for moneys paid or charged from 1992-current and ten million

dollars to combat the incentive payments to states behind the Social Security Act, from each agency mentioned in the complaint." (*Id.*)

Accordingly, this Court lacks subject matter jurisdiction to hear his claims and grant his requested relief under the *Rooker-Feldman* doctrine. Decisions by state courts, "however erroneous, [are] not … violation[s] of the Constitution actionable in federal court." *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir. 1995). Keith may not challenge the state court judgments or their consequences here. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 431 (7th Cir. 2009) ("In short, the [*Rooker-Feldman*] doctrine prevents a party from effectively trying to appeal a state-court decision in a federal district or circuit court.").

Because the jurisdictional issue is dispositive, the Court need not go beyond the *Rooker-Feldman* arguments. *See Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994). However, even if *Rooker-Feldman* didn't apply, the domestic relations exception to federal jurisdiction would bar Keith's suit. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006) (noting that the domestic relations exception applies to state court decrees on divorce, alimony, and child custody matters). The Court must therefore dismiss this case for lack of jurisdiction and will not address the state Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim.

Although it usually is necessary "to give *pro se* litigants one opportunity to amend after dismissing a complaint[,] … that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. 2016) (internal citations and quotation marks omitted); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("District courts have broad discretion to deny leave to amend where ... the amendment would be futile." (internal citation and quotation marks omitted)). Because Keith cannot amend his complaint to bring the same or similar claims within this Court's jurisdiction, Keith will not be given leave to file an amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss, ECF Nos. 6 and 11, are **GRANTED**, and the case is **DISMISSED**. Keith's request for mediation, ECF No. 17, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on July 16, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge